# EXHIBIT D Response to the Petition for Reconsideration

 **U.S. FOOD & DRUG** ADMINISTRATION

FEB 28 2020

Michelle J. Rozovics, Esq.
Counsel to Petitioner Nicholas Isel
Rozovics Law Firm, LLC
The Historic Pierson Building
263 King Street
Crystal Lake, Illinois 60014

Re: Petition for Reconsideration - Docket Number: FDA-2016-P-2955

Dear Ms. Rozovics:

Thank you for your petition for reconsideration (Reconsideration Petition) received on September 10, 2018 on behalf of Nicholas Isel (Petitioner). The Reconsideration Petition requests that the Food and Drug Administration (FDA the Agency or we) reconsider its August 13, 2018 response (Citizen Petition Response) denying the petition filed by the Petitioner and received by FDA on September 15, 2016 (Citizen Petition). The Citizen Petition requested that FDA make certain amendments to 21 CFR part 1271 with respect to reproductive tissue establishments.

We appreciate the Petitioner reaching out to the Agency and sharing his concerns and suggestions. FDA has considered the information submitted in the Reconsideration Petition. Additionally, we have reviewed Petitioner's submissions to the docket, numerous other comments submitted to the docket[1], and other relevant information available to the Agency. This letter responds to the Reconsideration Petition. While we understand the potential value of reproductive tissue donors' personal and medical information pertaining to genetic diseases or conditions, particularly to individuals conceived using these tissues, the Agency currently does not have the statutory authority to require submission of such data. For the reasons described below, the Reconsideration Petition is denied.

## I.     BACKGROUND

As explained in the Citizen Petition Response, FDA has authority under section 361 of the Public Health Service Act (PHS Act) to "make and enforce such regulations as in [FDA's] judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or possessions, or from one State or possession into any other State or possession. For purposes of carrying out and enforcing such regulations, the Surgeon General may provide for such inspection, fumigation, disinfection, sanitation, pest extermination,

---

[1] The discussion below, which expressly responds to issues raised in the Reconsideration Petition, also addresses the relevant comments submitted to the docket, which expressed support for arguments made in the Reconsideration Petition.

**U.S. Food and Drug Administration**
**10903 New Hampshire Avenue**
**Silver Spring, MD 20993**
www.fda.gov

FEB 24 2020


RECEIVED
MAR 0 2 2020
BY: Scanned

Page 2

destruction of animals or articles found to be so infected or contaminated as to be sources of dangerous infection to human beings, and other measures, as in his judgment may be necessary." Under that authority, FDA has promulgated regulations in 21 CFR part 1271 regarding human cells, tissues, or cellular or tissue-based products (HCT/Ps), including reproductive cells and tissue, such as semen, oocytes, and embryos (see 21 CFR 1271.3(d) and 1271.3(l)). FDA generally considers reproductive cells and tissues for reproductive use to be HCT/Ps that meet the criteria listed in 21 CFR 1271.10(a) for regulation solely under section 361 of the PHS Act and the regulations in part 1271.

The Citizen Petition requested that the Commissioner of Food and Drugs (Commissioner) amend 21 CFR 1271.270(d):

> "in regards to establishments involved in sperm and/or egg donation ART (Assisted Reproductive Technology) industries to require collection, upkeep, communication with donors/recipients of updates, and retention of all relevant personal and medical information from donors and recipients for a period of no less than 50 years instead of currently required 10 year time span." The Citizen Petition also requested that we require that "[a]ll personal information from an intended donor…be collected prior to donation and made non-confidential to potential recipients."[2]

In the Agency's Citizen Petition Response, FDA denied these requests. FDA explained that the Citizen Petition did not provide adequate information to support that the requested requirements were necessary to prevent the introduction, transmission, or spread of communicable diseases within the meaning of section 361 of the PHS Act. As summarized below, among other things, FDA explained in the Citizen Petition Response the following:

- FDA's authority under section 361 of the PHS Act, including as it relates to genetic disease transmission (see Citizen Petition Response at pp. 2-3);
- The request in the Citizen Petition for FDA to extend the required record retention period for reproductive tissue establishments "to stop the potential proliferation of genetic ailments" (see Citizen Petition Response at pp. 3-4);
- The proposal in the Citizen Petition for FDA to require "collection, upkeep, [and] communication with donors/recipients of updates" (see Citizen Petition Response at pp. 5-6); and
- The Citizen Petition's contention that "personal information from an intended donor should be collected prior to donation and made non-confidential to potential recipients for the purposes of individual/public health and well-being" (see Citizen Petition Response at p. 6).

---

[2] The Citizen Petition also requested that FDA amend 21 CFR 1271.270(d) to require that FDA's Center for Biologics Evaluation and Research store duplicate copies of records collected by reproductive tissue establishments for no less than 50 years in order to provide "document redundancy." However, the Reconsideration Petition states that "Petitioner is dropping" this request for purposes of the Reconsideration Petition. Accordingly, this response does not further discuss that request.

Page 3

The Reconsideration Petition requests that FDA reconsider its denial of the Citizen Petition[3] and take the following actions:

1. Amend Title 21 Code of Federal Regulations part 1271.270(d) in regards to establishments involved in sperm and/or egg donation ART (Assisted Reproductive Technology) industries to require collection, upkeep, communication with donors/recipients of updates, and retention of all relevant personal and medical information from donors and recipients for a period of no less than 50 years instead of the currently required 10 year time span.
2. Amend Title 21 Code of Federal Regulations part 1271 to provide that, for the 50 year period of time set forth in section 1 above, all personal information from an intended donor or a past donor shall be available to recipients and offspring of the donor, for the purposes of individual/public health and well-being.

You argue that "FDA failed to examine issues within the scope of the genetic disease transmission" and that reconsideration of the petition would be in the public interest and in the interest of justice.

## II.    DISCUSSION

The Commissioner may grant a petition for reconsideration if the Commissioner determines the petition to be in the public interest and in the interest of justice (21 CFR 10.33(d)). In addition, section 10.33(d) provides that the Commissioner will grant a petition for reconsideration if the Commissioner determines that all of the following apply:

(1)    The petition demonstrates that relevant information or views contained in the administrative record were not previously or not adequately considered.
(2)    The petitioner's position is not frivolous and is being pursued in good faith.
(3)    The petitioner has demonstrated sound public policy grounds supporting reconsideration.
(4)    Reconsideration is not outweighed by public health or other public interests.

A petition for reconsideration may not be based on information and views not contained in the administrative record on which the decision was made (21 CFR 10.33(e)).

In responding to the Citizen Petition, FDA considered and extensively discussed all the issues raised. We have reviewed the information in the Citizen Petition, the Citizen Petition Response, the Reconsideration Petition, and all the comments submitted to the docket. Based on this review, the Citizen Petition Response comprehensively and adequately addressed the issues raised in the Citizen Petition, including the issues specifically raised in the Reconsideration Petition regarding genetic disease transmission (see, e.g., Citizen Petition Response at pp. 2-3). Therefore, we do not believe that granting the Reconsideration Petition would be in the public

---

[3] The Reconsideration Petition states that "the extent to which Petitioner is seeking reconsideration of the Agency's denial of his Citizen Petition ..., relating to the disclosure of personal information from the donor, is limited to providing the donor number and personal and family medical history and all related medical records and testing results."

Page 4

interest and in the interest of justice. We also have determined that all relevant information and views in the administrative record were adequately considered when we reviewed and denied the Citizen Petition (21 CFR 10.33(d)(1)). Accordingly, we have not addressed whether the other criteria in 21 CFR 10.33(d) apply to the Reconsideration Petition.

## III.   CONCLUSION

For the reasons described above, the Agency denies the Reconsideration Petition.

We appreciate your concerns and appreciate you contacting us concerning this matter.

Sincerely,

Lowell J. Schiller
Principal Associate Commissioner
  For Policy